John Edward Hansen, #4590
David S. Bridge, #9077
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Suite 600
Post Office Box 11429
Salt Lake City, Utah 84147-0429
Telephone: (801) 531-7870
Facsimile: (801) 531-7968
E-mail: hansen@scalleyreading.net
dbridge@scalleyreading.net

Attorneys for Plaintiffs

IN THE UNTIED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS L. BOAM and MYRNA H. BOAM,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GENERAL ELECTRIC COMPANY, a New York corporation; LOWE'S HIW, INC., a Washington corporation, a subsidiary of LOWE'S COMPANIES, INC., a foreign corporation; LG ELECTRONICS, INC., a Korean corporation; LG ELECTRONICS U.S.A., INC., a Delaware corporation; SAMSUNG ELECTRONICS CO. LTD., a United Kingdom corporation; SAMSUNG ELECTRONICS USA, INC., a Delaware corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey corporation; and JOHN DOES 1 through 3,<br><br>　　　　　　Defendants. | COMPLAINT AND JURY DEMAND<br><br><br>Case No.　　1:09-cv-42<br>Judge:　　　Bruce S. Jenkins |

Plaintiffs Thomas L. Boam and Myrna H. Boam, by and through their above-named counsel of record, hereby contend, complain and allege against Defendants as follows:

## PARTIES

1. Plaintiffs are individuals who at all times relevant to this lawsuit were a residents of Davis County, State of Utah.

2. At all times relevant to this lawsuit, Defendant General Electric Company (hereinafter "GE") was a New York corporation, organized under the laws of the State of New York, authorized and doing business in the State of Utah.

3. At all times relevant herein, Defendant Lowe's HIW, Inc. was a Washington corporation, organized under the laws of the State of Washington, authorized and doing business in the State of Utah. Defendant   Defendant Lowe's HIW, Inc. is a subsidiary of Defendant Lowe's Companies, Inc, a foreign corporation, authorized and doing business in the State of Utah. (Defendant Lowe's HIW, Inc. and Defendant Lowe's Companies, Inc. are hereinafter collectively referred to as "Lowe's".)

4. At all time relevant to this lawsuit, Defendant LG Electronics, Inc. was a Korean corporation, authorized and doing business in the State of Utah.

5. At all time relevant to this lawsuit, Defendant LG Electronics U.S.A., Inc. was a Delaware corporation, organized under the laws of the State of Delaware, authorized and doing business in the State of Utah. (Defendants LG Electronics, Inc. and LG Electronics, U.S.A., Inc. Are hereinafter collectively referred to as "LG".)

6.      At all times relevant herein, Defendant Samsung Electronics Co. Ltd. was a United Kingdom corporation, organized in the United States under the laws of the State of New Jersey, authorized and doing business in the State of Utah.

7.      At all times relevant herein, Defendant Samsung Electronics USA, Inc. was a Delaware corporation, organized under the laws of the State of Delaware, authorized and doing business in the State of Utah.

8.      At all times relevant herein, Defendant Samsung Electronics America, Inc. was a New Jersey corporation, organized under the laws of the State of New Jersey, authorized and doing business in the State of Utah. (Defendants Samsung Electronics Co. Ltd., Samsung Electronics USA, Inc. and Samsung Electronics America, Inc. are hereinafter collectively referred to as "Samsung".)

9.      Defendants John Does 1 through 3, are foreign business entities, who were doing business in the State of Utah and may have liability for causing the events as alleged in this complaint.

## JURISDICTION AND VENUE

10.     Original Jurisdiction is proper in this Court based upon the provisions of 28 U.S.C. §1332, particularly because the amount of damages in controversy exceeds $75,000.00, exclusive of costs and interest, and due to the complete diversity between the parties.

11.     Venue is proper in this Court pursuant to the provisions of 28 U.S.C. §1391(a) when the incident bringing rise to this action occurred in Davis County in the State of Utah.

## FACTUAL BACKGROUND

12. At all times material to this action, Plaintiffs were the owners and occupants of a residence located at 1157 Kings Court, Kaysville, State of Utah.

13. In or around January 2007, a GE convection microwave oven, Model No. JVM1790SK01, Serial Number, VL902202K (hereinafter "the Microwave"), was sold to Plaintiffs by Defendant Lowe's.

14. The Microwave was installed in Plaintiffs' residence by Lowe's.

15. On March 31, 2007, the Microwave experienced an electrical failure, causing a fire in the Microwave which subsequently spread and resulted in a significant fire loss to the Plaintiffs' residence.

16. The fire originated within the electrical circuitry of the control panel of the Microwave and extended up and out of the ventilation opening at the top of the Microwave.

17. The fire that resulted from the electrical failure in the Microwave caused substantial damage to the real and personal property of the Plaintiffs.

18. The fire caused substantial damages, currently in excess of $222,542, exclusive of attorneys fees and costs.

## FIRST CAUSE OF ACTION
(Negligence - GE)

19. Plaintiffs re-allege and incorporate by reference paragraphs numbered 1 through 18 above as though restated and fully set forth herein.

20. On or about March 21, 2007, the Microwave failed or malfunctioned and caused a fire, damaging the Plaintiffs' real and person property. More particularly, at approximately 4:00 p.m. on March 31, 2007, after the Plaintiffs had left their residence, their neighbor noticed smoke coming from the Plaintiffs' kitchen window and called the emergency services/fire department. The fire department arrived and extinguished the kitchen fire. As a result of the fire, the Plaintiffs' suffered extensive damages to their residence and personal property.

21. The Microwave had never been altered or damaged by the Plaintiffs and remained in its original condition since its purchase and installation.

22. During a post-loss inspection of the Microwave by various experts, it was discovered that the fire originated internally within the control panel of the Microwave as the result of a defect in the electrical controls of the Microwave and was not caused by or contributed to by the Plaintiffs in any way.

23. At all times material to this action, Defendant GE, as a corporation manufacturing, distributing, and selling retail kitchen appliances, including the Microwave described herein, owed a duty to the Plaintiffs to ensure that the Microwave was properly designed, manufactured and assembled to as to operate safely and in compliance with all applicable safety codes, regulations, laws, industry standards and manufacturer's specifications for all microwave oven system components, in exercising reasonable care for the protection of the Plaintiffs' property.

24. Defendant GE breached its duty to the Plaintiffs by one or more of the following negligent acts and/or omissions:

    a.    Failing to properly design, manufacture and assemble the Microwave to ensure the safety of its use by is intended customers and consumers, the Plaintiffs;

    b.    Failing to properly inspect the Microwave and employ quality control safeguards in its design, manufacture and assembly to ensure all electrical circuitry and wiring in the control panel and other portions of the Microwave were free from defects or inherent hazards that could cause a fire to occur during normal use for its intended purposes; and

    c.    Otherwise engaging in careless and negligent acts resulting in a defective and dangerous products sold to the Plaintiffs and placed into the stream of commerce.

25. It was reasonably foreseeable that should Defendant GE fail to properly ensure the safe and proper design, manufacture and assembly of the Microwave, it would fail and cause a fire loss at the Plaintiffs' residence, damaging their real and person property.

26. As a direct and proximate result of Defendant GE's negligence, its breach of its duty of care to the Plaintiffs in its defective design, manufacture and assembly of the Microwave, a fire occurred on March 31, 2007 in the Plaintiffs' home, and the Plaintiffs incurred extensive damages and loss of real and personal property in an amount currently in excess of $222,542, exclusive of interest, costs and attorneys fees.

SECOND CAUSE OF ACTION
(Negligence - Lowe's)

27. Plaintiffs re-allege and incorporate by reference paragraphs numbered 1 through 26 above as though restated and fully set forth herein.

28. On or about March 21, 2007, the Microwave failed or malfunctioned and caused a fire, damaging the Plaintiffs' real and person property. More particularly, at approximately 4:00 p.m. on March 31, 2007, after the Plaintiffs had left their residence, their neighbor noticed smoke coming from the Plaintiffs' kitchen window and called the emergency services/fire department. The fire department arrived and extinguished the kitchen fire. As a result of the fire, the Plaintiffs' suffered extensive damages to their residence and personal property.

29. The Microwave had never been altered or damaged by the Plaintiffs and remained in its original condition since its purchase and installation.

30. During a post-loss inspection of the Microwave by various experts, it was discovered that the fire originated internally within the control panel of the Microwave as the result of a defect in the electrical controls of the Microwave and was not caused by or contributed to by the Plaintiffs in any way.

31. At all times materiel to this action, Defendant Lowe's, as a corporation distributing, selling and installing retail kitchen appliances, including the Microwave described herein, owed a duty to the Plaintiffs, to ensure that the Microwave was properly manufactured and operated safely, and was properly and safely installed in the homes of its customers such as the Plaintiffs, in compliance with all applicable safety codes, regulations, laws, industry standards and manufacturer's specifications for all microwave oven system components, in exercising reasonable care for the protection of the Plaintiffs' property.

32. Defendant Lowe's breached its duty to the Plaintiffs by one or more of the following negligent acts/and/or omissions:

  a. Failing to ensure the proper design manufacture, and assembly of the Microwave to provide for the safety of its use by its intended customer and consumer, the Plaintiffs;

  b. Failing to properly inspect the Microwave and employ quality control safeguards in its design, manufacture and assembly to ensure all electrical circuitry and wiring in the control panel and other portions of the Microwave was free from defects or inherent hazards that could cause a fire to occur during normal use for its intended purposes;

  c. Failing to properly and safely install and test the Microwave in the home of its customers, the Plaintiffs, to ensure its safe operation; and

  d. Otherwise engaging in careless and negligent acts resulting in a defective and dangerous product sold to the Plaintiffs' and placed into the stream of commerce.

33. It was reasonably foreseeable that should Defendant Lowe's fail to properly ensure the safe and proper design, manufacture, assembly and installation of the Microwave, it would fail and cause a fire loss at the Plaintiffs' residence, damaging their real and person property.

34. As a direct and proximate result of Defendant Lowe's negligence, its breach of its duty of care to the Plaintiffs in its defective design, manufacture, assembly and installation of the Microwave, a fire occurred on March 31, 2007 in the Plaintiffs' home, and the Plaintiffs incurred extensive damages and loss of real and personal property in an amount currently in excess of $222,542, exclusive of interest, costs and attorneys fees.

## THIRD CAUSE OF ACTION
(Negligence - LG)

35. Plaintiffs re-allege and incorporate by reference paragraphs numbered 1 through 34 above as though restated and fully set forth herein.

36. On or about March 21, 2007, the Microwave failed or malfunctioned and caused a fire, damaging the Plaintiffs' real and person property. More particularly, at approximately 4:00 p.m. on March 31, 2007, after the Plaintiffs had left their residence, their neighbor noticed smoke coming from the Plaintiffs' kitchen window and called the emergency services/fire department. The fire department arrived and extinguished the kitchen fire. As a result of the fire, the Plaintiffs' suffered extensive damages to their residence and personal property.

37. The Microwave had never been altered or damaged by the Plaintiffs and remained in its original condition since its purchase and installation.

38. During a post-loss inspection of the Microwave by various experts, it was discovered that the fire originated internally within the control panel of the Microwave as the result of a defect in the electrical controls of the Microwave and was not caused by or contributed to by the Plaintiffs in any way.

39. At all times material to this action, Defendant LG, as a corporation manufacturing, distributing, and selling retail kitchen appliances, including the Microwave described herein, owed a duty to the Plaintiffs to ensure that the Microwave was properly designed, manufactured and assembled to as to operate safely and in compliance with all applicable safety codes, regulations,

laws, industry standards and manufacturer's specifications for all microwave oven system components, in exercising reasonable care for the protection of the Plaintiffs' property.

40. Defendant LG breached its duty to the Plaintiffs by one or more of the following negligent acts and/or omissions:

   a. Failing to properly design, manufacture and assemble the Microwave to ensure the safety of its use by is intended customers and consumers, the Plaintiffs;

   b. Failing to properly inspect the Microwave and employ quality control safeguards in its design, manufacture and assembly to ensure all electrical circuitry and wiring in the control panel and other portions of the Microwave were free from defects or inherent hazards that could cause a fire to occur during normal use for its intended purposes; and

   c. Otherwise engaging in careless and negligent acts resulting in a defective and dangerous product sold to the Plaintiffs and placed into the stream of commerce.

41. It was reasonably foreseeable that should Defendant LG fail to properly ensure the safe and proper design, manufacture and assembly of the Microwave, it would fail and cause a fire loss at the Plaintiffs' residence, damaging their real and person property.

42. As a direct and proximate result of Defendant LG's negligence, its breach of its duty of care to the Plaintiffs in its defective design, manufacture and assembly of the Microwave, a fire occurred on March 31, 2007 in the Plaintiffs' home, and the Plaintiffs incurred extensive damages and loss of real and personal property in an amount currently in excess of $222,542, exclusive of interest, costs and attorneys fees.

## FOURTH CAUSE OF ACTION
(Negligence - Samsung)

43. Plaintiffs re-allege and incorporate by reference paragraphs numbered 1 through 42 above as though restated and fully set forth herein.

44. On or about March 21, 2007, the Microwave failed or malfunctioned and caused a fire, damaging the Plaintiffs' real and person property. More particularly, at approximately 4:00 p.m. on March 31, 2007, after the Plaintiffs had left their residence, their neighbor noticed smoke coming from the Plaintiffs' kitchen window and called the emergency services/fire department. The fire department arrived and extinguished the kitchen fire. As a result of the fire, the Plaintiffs' suffered extensive damages to their residence and personal property.

45. The Microwave had never been altered or damaged by the Plaintiffs and remained in its original condition since its purchase and installation.

46. During a post-loss inspection of the Microwave by various experts, it was discovered that the fire originated internally within the control panel of the Microwave as the result of a defect in the electrical controls of the Microwave and was not caused by or contributed to by the Plaintiffs in any way.

47. At all times material to this action, Defendant Samsung, as a corporation manufacturing, distributing, and selling retail kitchen appliances, including the Microwave described herein, owed a duty to the Plaintiffs to ensure that the Microwave was properly designed, manufactured and assembled to as to operate safely and in compliance with all applicable safety

codes, regulations, laws, industry standards and manufacturer's specifications for all microwave oven system components, in exercising reasonable care for the protection of the Plaintiffs' property.

48. Defendant Samsung breached its duty to the Plaintiffs by one or more of the following negligent acts and/or omissions:

a. Failing to properly design, manufacture and assemble the Microwave to ensure the safety of its use by is intended customers and consumers, the Plaintiffs;

b. Failing to properly inspect the Microwave and employ quality control safeguards in its design, manufacture and assembly to ensure all electrical circuitry and wiring in the control panel and other portions of the Microwave were free from defects or inherent hazards that could cause a fire to occur during normal use for its intended purposes; and

c. Otherwise engaging in careless and negligent acts resulting in a defective and dangerous product sold to the Plaintiffs and placed into the stream of commerce.

49. It was reasonably foreseeable that should Defendant Samsung fail to properly ensure the safe and proper design, manufacture and assembly of the Microwave, it would fail and cause a fire loss at the Plaintiffs' residence, damaging their real and person property.

50. As a direct and proximate result of Defendant Samsung's negligence, its breach of its duty of care to the Plaintiffs in its defective design, manufacture and assembly of the Microwave, a fire occurred on March 31, 2007 in the Plaintiffs' home, and the Plaintiffs incurred extensive damages and loss of real and personal property in an amount currently in excess of $222,542, exclusive of interest, costs and attorneys fees.

## FIFTH CAUSE OF ACTION
(Strict Liability)

51. Plaintiffs re-allege and incorporate by reference paragraphs numbered 1 through 50 as through fully restated and set fort herein.

52. Defendant GE, Defendant Lowe's, Defendant LG, and Defendant Samsung (hereinafter collectively referred to as "Defendants") manufactured the Microwave and/or placed it into the stream of commerce with the expectation that it would be used for its normal and intended purpose by consumers.

53. Defendants had the responsibility to ensure that their products sold to the general public, such as the Microwave at issue in this action, were not defective when they left the possession of Defendants and were sold to consumers.

54. The Microwave was defective in its design and manufacture in such a manner as to render it unreasonably dangerous to the ultimate user thereof.

55. The Microwave at issue in this action was in an unreasonably dangerous condition and the product was expected to, and did reach the Plaintiffs without any change affecting that condition.

56. The Microwave was unreasonably dangerous because of its design, manufacture, assembly and/or installation and failed to operate safely as an ordinary consumer would expect when used as intended in a manner reasonably foreseeable by Defendants.

57.	The Plaintiffs used the Microwave as an ordinary consumer would and in a manner reasonably foreseeable to Defendants. The Microwave had never been altered or damaged by the Plaintiffs and remained in its original condition since its purchase and installation.

58.	As a direct and proximate result of the aforesaid defective condition of the Microwave, a fire occurred on March 31, 2007 in the Plaintiffs' home, and the Plaintiffs incurred extensive damages and loss of real and personal property in an amount currently in excess of $222,542, exclusive of interest, costs and attorneys fees.

59.	By reason of the foregoing, Defendants are strictly liable to Plaintiffs for said damages and injury incurred as a result of the defective design, manufacture, assembly and/or installation of the Microwave at issue.

SIXTH CAUSE OF ACTION
(Breach of Implied Warranty)

60.	Plaintiffs re-allege and incorporate paragraphs numbered 1 through 59 as though fully restated and set forth herein.

61.	Defendants, as an international manufacturers, designers and distributers of electronic equipment and kitchen appliances, including the Microwave at issue herein, impliedly warranted to all foreseeable users that the Microwave was of merchantable quality and was reasonably fit for the general and particular purpose for which it was intended.

62.	Defendants breached such implied warranty in that the Microwave was defective, unfit, unsafe, unusable for the general and particular purposes for which it was intended and was not of merchantable quality.

63. As a direct and proximate result of the aforesaid defective, unfit, unsafe and unusable condition of the Microwave, a fire occurred on March 31, 2007 in the Plaintiffs' home, and the Plaintiffs incurred extensive damages and loss of real and personal property in an amount currently in excess of $222,542, exclusive of interest, costs and attorneys fees.

64. By reason of the foregoing, Defendants are liable to Plaintiffs for said damages and injury incurred as a result of the breach of implied warranty of the Microwave at issue.

SEVENTH CAUSE OF ACTION
(Breach of Express Warranty)

65. Plaintiffs re-allege and incorporate paragraphs numbered 1 through 64 as though fully restated and set forth herein.

66. Defendants, as an international manufacturers, designers and distributers of electronic equipment and kitchen appliances, including the Microwave at issue herein, expressly warranted to all foreseeable users that the Microwave would work properly.

67. At the time of the accident, the Microwave had been used according to manufacturer recommendations.

68. Defendants breached said express warranty as the Microwave was defective, unfit, unsafe, unusable for the general and particular purposes for which it was intended and failed to work properly.

69. As a direct and proximate result of the aforesaid defective, unfit, unsafe and unusable condition of the Microwave, a fire occurred on March 31, 2007 in the Plaintiffs' home, and the

Plaintiffs incurred extensive damages and loss of real and personal property in an amount currently in excess of $222,542, exclusive of interest, costs and attorneys fees.

70. By reason of the foregoing, Defendants are liable to Plaintiffs for said damages and injury incurred as a result of the breach of express warranty of the Microwave at issue.

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

1. For property damages currently in excess of $222,542;

2. For Plaintiffs' cost and expenses of litigation, as allowed by law;

3. For post-judgment interest as allowed by law until the judgment is paid in full;

4. For such other and further relief the Court deems just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiffs hereby demand a trial by jury.

DATED this 27th day of March, 2009.

SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.


/s/John Edward Hansen
John Edward Hansen
David S. Bridge
Attorneys for Plaintiffs